UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JB&B CAPITAL, LLC, f/k/a ) | |
| JB&B INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:16-cv-495-JRG-HBG |
| v. ) | |
| ) | |
| MARION H. ADAMS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the referral Order [Doc.9] of the District Judge.

Now before the Court is Plaintiff's Motion for Default Judgment Against Defendant Marion H. Adams [Doc. 7], in which it moves the Court to enter a default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(b). The Court has conducted a hearing, and the Court finds that this matter is now ripe for adjudication.

For the reasons more fully explained below, the Court **RECOMMENDS** that the Motion for Default Judgment [Doc. 7] be **GRANTED IN PART**. The Court will **RECOMMEND** that a default judgment in the amount of $235,051.51 be entered in Plaintiff's favor and that the Plaintiff be awarded $22,099.18, representing the attorney's fees and costs incurred in litigating this case. Accordingly, the Court **RECOMMENDS** that a total amount of $257,150.69, plus post-judgment interest, be awarded to the Plaintiff.

## I. BACKGROUND

The following allegations are taken from the Complaint. On December 13, 2015, Buy Wholesale, Inc., ("Buy Wholesale") entered into an Equipment Finance Agreement with the Plaintiff ("Agreement 01"), wherein Buy Wholesale purchased a 2000 MCI Coach Bus, a 2008 Trailer, and various audio and staging equipment. [Doc. 1 at 1]. The Plaintiff perfected its interest with respect to the above personal property. Id. Subsequently, on February 10, 2016, Buy Wholesale entered into a second equipment finance agreement with the Plaintiff ("Agreement 02"), wherein Buy Wholesale purchased a 1999 MCI Coach Bus and a 2016 Homestead Trailer. Id. The Plaintiff perfected its interest with respect to the bus and the trailer. Id. at 2-3.

On or about December 31, 2015, the Defendant executed a continuing, absolute and unconditional guaranty ("Equipment Finance Agreement Guaranty") with respect to the obligations of Buy Wholesale to the Plaintiff as set forth in Agreement 01 and Agreement 02. Id. at 3. Subsequently, on April 4, 2016, Buy Wholesale entered into a lease agreement ("Lease Agreement") with the Plaintiff, wherein the Plaintiff leased Buy Wholesale a video board. Id. The Defendant executed a continuing, absolute, and unconditional guaranty of the obligations with respect to the Lease Agreement ("Lease Agreement Guaranty").

On May 18, 2016, Buy Wholesale filed a Chapter 11 voluntary bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee. Id. At the time of bankruptcy, Buy Wholesale had failed to make monthly payments as required pursuant to Agreement 01, Agreement 02, and the Lease Agreement. On August 3, 2016, the Bankruptcy Court entered an Agreed Order requiring Buy Wholesale to pay the Plaintiff the sum of $6,437.27 per month beginning on August 1, 2016, and on the first day of each month thereafter. Id. Buy Wholesale failed to comply with the Agreed Order.

On August 10, 2016, the Plaintiff filed the instant action. The Plaintiff alleges that Buy Wholesale breached Agreement 01, Agreement 02, and the Lease Agreement. Further, the Plaintiff alleges that pursuant to the Equipment Finance Agreement Guaranty and the Lease Agreement Guaranty, the Defendant is responsible for the obligations due and owing thereunder. The Complaint requests that the Plaintiff be awarded judgment against the Defendant in the total amount of $278,181.21, plus post-judgment interest, costs, and reasonable attorney's fees.

## II.    PROCEDURAL POSTURE

The Complaint in this matter was served [Doc. 3] on the Defendant on August 13, 2016. The Defendant did not respond to the Complaint within the time allowed by the Federal Rules of Civil Procedure. On October 13, 2016, the Clerk entered a default [Doc. 6] on the Defendant.

On October 20, 2016, the Plaintiff filed the instant Motion. The Motion requests the Court for entry of a default judgment against the Defendant. In support of its Motion, the Plaintiff filed the Affidavit of Aaron Spencer [Doc. 8], the Plaintiff's attorney. The Affidavit states that the Plaintiff's claim is in the amount of $260,800.59 for the Defendant's breach of Agreement 01, Agreement 02, and the Lease Agreement, plus reasonable attorney's fees in an amount not less than $3,433.00 and costs in the amount of $525.60. The Affidavit states that the Plaintiff seeks a total sum of $264,769.39, plus post-judgment interest from the date of the judgment.

On December 19, 2016, the Court entered an Order requiring the Defendant to appear before the Court on February 13, 2017, to show cause why a default judgment should not be entered against him. A copy of the Order was mailed to the Defendant at the address provided in the Complaint.

On February 13, 2017, the Court held a show cause hearing. Attorney Gregory Logue appeared on behalf of the Plaintiff. The Defendant was not present. During the hearing, Attorney Logue testified that the amount requested had changed because Buy Wholesale paid some on the

3

outstanding debt. Attorney Logue testified that $235,051.51 is the outstanding principal amount due pursuant to the Defendant's obligations. In addition, Attorney Logue testified that $22,099.18 is the amount requested for attorney's fees and expenses.

## III.     ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment. Fed. R. Civ. P. 55(b). "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." AF Holdings LLC v. Bossard, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing Thomas v. Miller, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

In the present matter, there is no dispute that the Clerk has entered a default in accordance with Rule 55 [Doc. 6], and that the Plaintiff has moved [Doc. 7] for entry of default judgment. Taking as true the allegations in the Complaint [Doc. 1], the Court **INCORPORATES BY REFERENCE** the allegations as set forth by the Plaintiff. The Court accepts all such allegations, and specifically, the Court **FINDS**, based upon entry of default, that the Defendant is responsible for the obligations due and owing under Agreement 01, Agreement 02, and the Lease Agreement. The Court **RECOMMENDS** that a default judgment in the amount of $257,150.69, which represents the principal interest, and $22,099.18, which represents attorney's fees and expenses, be entered in the Plaintiff's favor. Accordingly, the Court **RECOMMENDS** a judgment in the total amount of $257,150.69 be awarded to the Plaintiff.

## IV. CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the Complaint as true, the undersigned **RECOMMENDS**[1] as follows:

1. The Motion for Entry of Default Judgment [**Doc. 7**] be **GRANTED IN PART**;

2. The Defendant be **ADJUDGED** responsible for the obligations due and owing under Agreement 01, Agreement 02, and the Lease Agreement pursuant to the Equipment Finance Agreement Guaranty and the Lease Agreement Guaranty; and

3. That judgment in the total amount of $257,150.69 be awarded to the Plaintiff, plus post-judgment interest.

The Clerk of Court is **DIRECTED** to send the Defendant a copy of this Report and Recommendation at the address provided in the Complaint.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).